IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ESHED ALSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 15-235-SLR |
| ) | |
| GOVERNOR OF STATE OF DELAWARE ) | |
| JACK MARKEL, STATE DOJ, BIDEN, ) | |
| COMCAST CORP, STATE OF HUMAN ) | |
| RELATIONS COMMISSION, DOVER ) | |
| PUBLIC LIBRARY, DIRECTOR MS. CYR, ) | |
| CITY OF DOVER, MAYOR and CITY ) | |
| HUMAN RELATIONS COMMISSION CHAIR ) | |
| CECIL WILSON, ) | |
| ) | |
| Defendants. ) | |

Eshed Alston, Dover, Delaware. Pro se Plaintiff.

Kenisha LaShelle Ringgold, Esquire, Deputy Attorney General, Wilmington, Delaware. Counsel for Defendants Governor of the State of Delaware Jack Markell, State DOJ, and Joseph R. Biden, III.

Kaan Ekiner, Esquire, and Daniel A. Griffith, Esquire, of Whiteford, Taylor & Preston, L.L.C., Wilmington, Delaware. Counsel for Defendants State Human Relations Commission, Dover Public Library, Dover Public Library Director Marjorie Cyr, City of Dover, Mayor, and City Human Relations Commission Chair Cecil Wilson.

**MEMORANDUM OPINION**

Dated: January 26, 2016
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Eshed Alston ("plaintiff") proceeds pro se and has paid the filing fee. He filed this lawsuit on March 11, 2015. (D.I. 1) Plaintiff alleges violations of his civil rights and due process as a result of alleged "fraud and systemic corruption" on the part of defendants. (D.I. 1 at ¶ 1) Plaintiff claims that this suit stems from a previous case in which he was a plaintiff within the District of Delaware.[1] It is unclear whether plaintiff's allegations at bar stem directly from events pertaining to his previous lawsuit, however, plaintiff's complaint lists additional alleged violations, such as "state sponsored violation of federal law in circumvention of the United States Constitution" and "state sponsored violation of the Civil Rights Act of 1964 as a state institutional objective." (Id. at ¶ 5)

While the precise cause of action plaintiff asserts against defendants is also unclear, plaintiff claims that he has been wronged by favoritism and alleges racial motivations on the part of defendants, as indicated by his reference to "favoritism in the form of hereditary distinctions" and "the neglected public safety concerns of Delaware's disenfranchised marginalized Black at risk community." (Id. at ¶ 3) The complaint does not state when or where defendants committed the alleged violations. Presently before the court are defendants' motions to dismiss for insufficient service of process and

---

[1] In his complaint, plaintiff alleges that "[t]his filing is indicative of related actions that were before the District Court of Delaware that have been appealed to the Court of Appeals for the Third Circuit." (D.I. 1 at ¶ 1) Plaintiff further states that his case "identifies corruption in a continual violation context stated on the antecedent record of events as a pattern of conduct identified in and as District Court of Delaware Civ. No. 13-483 SLR." (Id.) "No. 13-483 SLR" refers to previous litigation initiated by plaintiff, Civ. No. 13-483.

failure to state a claim upon which relief may be granted. (D.I. 13, 17) This court has jurisdiction pursuant to 28 U.S.C. § 1331.[2]

## II. STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(5)

A defendant may file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) when a plaintiff fails to properly serve him or her with the summons and complaint. *See* Fed. R. Civ. P. 12(b)(5). A plaintiff "is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Rule 4(m) imposes a 90-day time limit for perfection of service following the filing of a complaint. Fed. R. Civ. P. 4(m). If service is not completed within that time, the action is subject to dismissal without prejudice. *Id.* Furthermore, Rule 4(b) requires that the clerk sign and seal a summons pertaining to each defendant, and that the clerk issue a summons for each defendant whom the plaintiff intends to serve. Fed. R. Civ. P. 4(b).

### B. Federal Rule of Civil Procedure 12(b)(6)

A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint's factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (internal quotation marks omitted)

---

[2] While the jurisdictional basis is somewhat unclear, the court will consider plaintiff's pro se status and allegations of violations of Constitutional rights and the Civil Rights Act of 1964 in exercising jurisdiction pursuant to 28 U.S.C. § 1331.

2

(interpreting Fed. R. Civ. P. 8(a)). Consistent with the Supreme Court's rulings in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Third Circuit requires a two-part analysis when reviewing a Rule 12(b)(6) motion. *Edwards v. A.H. Cornell & Son, Inc.*, 610 F.3d 217, 219 (3d Cir. 2010); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, a court should separate the factual and legal elements of a claim, accepting the facts and disregarding the legal conclusions. *Fowler*, 578 F.3d. at 210-11. Second, a court should determine whether the remaining well-pled facts sufficiently show that the plaintiff "has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). As part of the analysis, a court must accept all well-pleaded factual allegations in the complaint as true, and view them in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). In this regard, a court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384-85 n.2 (3d Cir. 1994).

The court's determination is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims." *United States ex rel. Wilkins v. United Health Grp., Inc.*, 659 F.3d 295, 302 (3d Cir. 2011). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips*, 515 F.3d at 234 (quoting

*Twombly*, 550 U.S. at 556). The court's analysis is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-64.

## III. DISCUSSION

### A. Service

A review of the court docket indicates that plaintiff did not properly effect service upon defendants. *See* Fed. R. Civ. P. 4(a)(1)(F),(G), and 4(b). Under Rule 12(b)(5), the court has "broad discretion" in deciding whether to dismiss the complaint for insufficient service. *See Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). The Third Circuit has instructed that "dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained." *Id.* Given that instruction, the court chooses not to dismiss the complaint pursuant to Rule 12(b)(5), and instead will consider the substantive arguments for dismissal.

### B. Failure to State a Claim

Initially the court notes that a civil rights complaint must state the conduct, time, place and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir. 1978)). While plaintiff refers to additional litigation which he initiated, plaintiff states only that this action is "indicative of related actions that were before the District Court of Delaware that have been appealed to the Court of Appeals for the Third Circuit." (D.I. 1 at ¶ 1) Because plaintiff's complaint does not indicate where the alleged acts by defendants took place or when they occurred, plaintiff's complaint does not meet the standard set out above.

Additionally, plaintiff's complaint does not survive defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) because plaintiff sets forth merely legal conclusions with an insufficient factual basis. Pursuant to the standard previously described, the court is required to examine whether plaintiff has asserted facts that would reasonably lead to the production of relevant evidence in the course of discovery. While plaintiff alleges "state sponsored violation of federal law in circumvention of the United States Constitution," as well as other "state sponsored" violations (all legal conclusions), he neglects to include specific facts in support of these conclusions. Furthermore, while paragraph 5 of the complaint lists numerous alleged statutory violations, such as "state sponsored DOJ violation of law" and "state sponsored violation of the Civil Rights Act of 1964," plaintiff fails to include specific statutory provisions in support of his complaint. Even if the court were to construe these allegations liberally, plaintiff has failed to set forth sufficiently specific allegations and, therefore, has failed to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the above reasons, the court grants defendants' motions to dismiss. (D.I. 13, 17) Given plaintiff's pro se status, he will be given one opportunity to amend the complaint and to properly effect service. An appropriate order shall issue.